UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| LOUIS JONES ENTERPRISES, INC., | ) | CASE NO. 10 B 11375 |
| | ) | |
| Debtor | ) | |

### MEMORANDUM OPINION ON DEBTOR'S MOTION TO ADJUDICATE LIEN RIGHTS OF UNITED STATES OF AMERICA

The Debtor in this Chapter 7 Bankruptcy case, Louis Jones Enterprises, Inc., seeks by motion authority to use cash collateral of the Internal Revenue Service ("IRS") and American Chartered Bank ("American"). The Debtor argues that American's interest in the cash collateral, if secured at all, is junior in priority to the IRS's tax liens in the same collateral. Debtor thereby seeks determination that the IRS lien is superior to that of American. American disputes that contention. An IRS Special Assistant U.S. Attorney appeared in court to state agreement with Debtor's position substantively and consented to the procedure used. The Debtor has proceeded by motion on notice to the IRS served on its designated representatives for motion practice. In this case the IRS has not filed a claim for lien or otherwise. The issue presented is whether the priority of the IRS lien can be adjusted by motion instead of through an Adversary proceeding.

### DISCUSSION

The United States of America ("United States") has waived sovereign immunity so as to allow actions against it under 11 U.S.C. §§502 (allowance of claims or interest) and 506 (determination of secured status) among other provisions. See 11 U.S.C § 106(a).

Any attempt "to determine the validity, priority, or extent of a lien or other interest in property" must be accomplished by way of an adversary proceeding. Fed. R. Bankr. P. 7001(2). When an adversary has been filed, service of summons must be made:

> [u]pon the United States, by mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia, . . ..

Fed. R. Bankr. P. 7004(b)(4). In an adversary proceeding involving the Internal Revenue Service, the plaintiff must comply with Rule 7004. *In re Bendis*, No. 08 A 00081, 2009 WL 928658 (Bankr. N.D. Ill. Apr. 6, 2009) (Barbosa, J.). *See also McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (compliance with Fed. R. Civ. P. 4(i), the civil procedure analogue to Rule 7004(b)(4), is mandatory when it applies, and failure to follow it when required is fatal to an action).

The IRS cannot sue and cannot be sued, *In re Simms*, 333 B.R. 792, 793 (Bankr. N.D. Ga. 1983) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952)), and the proper and necessary party to IRS lien disputes is the United States. Debtor seeks a determination of the validity and priority of the Government's lien, which requires an adversary proceeding. The United States is a necessary party and it must be served in accordance with Rule 7004(b)(4) Fed. R. Bankr. P.

A judgment is void under Rule 60(b)(4) Fed. R. Civ. P. [Rule 9024 Fed. R. Bankr. P.] if a court rendering judgment lacks jurisdiction over the parties or the subject matter, or if it acted in a manner inconsistent with due process of law. *Robinson Engineering Co., Ltd. Pension Plan & Trust v. George*, 223 F.3d 445 (7th Cir. 2000). Any order adjusting priority of the Government's lien would be void if obtained by motion instead by Adversary proceeding.

Under Rule 7004(f) Fed. R. Bank. P., a court obtains jurisdiction over the United States in an adversary proceeding and in such proceeding only if the United States is served with summons in accordance with Rule 7004. *Fed. R. Bank. P.* 7004(f). Conversely, failure to bring the adversary or properly to serve the United States under Rule 7004 deprives the Court of jurisdiction over the United States, leaving the Court with no power to compel the United States to answer or respond to a pleading. See Rabiolo v. Weinstein, 357 F.2d 167, 168 (7th Cir. 1966).

Therefore, the Debtor incorrectly proceeded by motion in an effort to adjudicate priority of the IRS lien, and such adjudication cannot be made unless the United States is sued and served in an Adversary proceeding.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated and entered this 23d day of April 2010.