IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LOUIS JONES ENTERPRISES, INC., | ) | Case No. 10 B 11375 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL
PURSUANT TO § 363(c)(2) AND BANKRUPTCY RULE 4001(b)**

This matter coming to be heard on Debtor, Louis Jones Enterprises, Inc.'s Motion For Use Of Cash Collateral, Pursuant To §363(c)(2) of the Bankruptcy Code and Bankruptcy Rule 4001(b) and To Grant Adequate Protection (the "Motion"), due and proper notice having been served, the Court having separately made its Findings of Facts and Conclusions of Law, and this Court having jurisdiction over the parties and subject matter and being otherwise fully advised in the premises;

**IT IS THEREFORE ORDERED THAT:**

A. The Debtor is authorized to utilize the Cash Collateral to the extent needed for ordinary business operating expenses pursuant to the budget, attached hereto as Exhibit A and made a part hereof; provided that, unless the United States consents, total monthly operating expenses paid or incurred by the Debtor shall not exceed 110% of the total for each month set forth in the attached budget.

B. The United States is hereby granted and shall have replacement liens on the Collateral and all accessions to, substitutions for and all replacements of the foregoing and/or any other property of the same kind now or hereafter in the possession of or under the control of the Debtor, or a bailee of the Debtor, and the proceeds thereof, including all property of the same type and kind which has been acquired by the Debtor after the date of the filing of the petition for relief herein.

C. The replacement liens granted herein to the United States shall have the same validity, perfection, and enforceability to the same extent and with the same priority as the pre petition liens held by the United States without any further action by the Debtor or the United States and without executing

or recording any financing statements, security agreements, or other documents.

D. The Debtor shall make adequate protection payments of $2,500.00 to counsel for the United States by the fifteenth of each month, commencing November 15, 2010. Beginning with the adequate protection payment due on December 15, 2010, the Debtor shall tender a supplemental $2,500.00 for every payment due if, and only if, the accounts receivable for the period ending the month immediately preceding the payment due fall below $200,000.

E. Debtor's counsel shall tender all adequate protection payments currently being held in trust pursuant to the Court's First, Second, Third and Fourth Interim Orders Authorizing Use of Cash Collateral [Docket No. 18, 37, 81, and 138] to the United States.

F. No later than the 15th day of each month, the Debtor shall provide a periodic accounting to the United States setting forth the cash receipts and disbursements made by the Debtor under this order, and the balance of the Cash Collateral, which shall be fulfilled by the Debtor's filing of its Monthly Summary of Cash Receipts and Disbursements with the Clerk of the United States Bankruptcy Court.

G. Upon reasonable notice by the United States, the Debtor shall permit the United States, and any of their agents, reasonable access to the Debtor's records and place of business during normal business hours once each month to verify the existence, condition, and location of collateral in which the United States holds a lien, and to audit the Debtor's cash receipts and disbursements, and invoices to customers.

H. If the Debtor fails to comply with any material provisions of this Order, the United States may request a hearing on adequate protection within 14 days (or if immediate and irreparable injury, loss, or damage may occur, or if adequate protection appears inadequate, an emergency hearing within 48 hours).

_____
Hon. Jack B. Schmetterer

Dated: October 29, 2010

Agreed:
Debtor: [signature]

United States: [signature]

2

LJE
CONSTRUCTION
MANAGEMENT
CONSULTING
ARCHITECTURE

Budget (Revenues and Expenses by month for the next three (3) months. (Estimated)

| Expenses: | September | October | November |
|---|---|---|---|
| Payroll | $ 82,000.00 | $ 82,000.00 | $ 82,000.00 |
| Rent | $ 2,300.00 | $ 2,300.00 | $ 2,300.00 |
| Health Insurance | $ 4,482.00 | $ 4,482.00 | $ 4,482.00 |
| Professional Insurance | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Employee Life Insurance | $ 300.00 | $ 300.00 | $ 300.00 |
| Dental Insurance | $ 300.00 | $ 300.00 | $ 300.00 |
| Cash - Escrow Account | $ 2,145.00 | $ 2,145.00 | $ 2,145.00 |
| Trustee's Fee | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| Automobile Payment | $ 630.00 | $ 630.00 | $ 630.00 |
| Employee Travel Expenses | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| Professional Fee | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 |

**Office Expenses:**

| | September | October | November |
|---|---|---|---|
| Chicago Messenger | $ 125.00 | $ 125.00 | $ 125.00 |
| System Parking (Louis) | $ 340.00 | $ 340.00 | $ 340.00 |
| AT&T | $ 550.00 | $ 550.00 | $ 550.00 |
| Iron Mountain (File Storage) | $ 180.00 | $ 180.00 | $ 180.00 |
| ADP Payroll Processing | $ 125.00 | $ 125.00 | $ 125.00 |
| Office Supplies | $ 500.00 | $ 500.00 | $ 500.00 |
| Sprint | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| **Total Liabilities** | $ 105,077.00 | $ 105,077.00 | $ 105,077.00 |

| Income: | September | October | November |
|---|---|---|---|
| O'Hare Runway Designers | $ 34,000.00 | $ 34,000.00 | $ 34,000.00 |
| CPS - Tishman | $ 58,000.00 | $ 58,000.00 | $ 58,000.00 |
| Metra 35th Street | $ 21,000.00 | $ 21,000.00 | $ 21,000.00 |
| Wacker Drive-Infrastructure | $ - | $ - | $ - |
| Total Income: | $ 113,000.00 | $ 113,000.00 | $ 113,000.00 |

Exhibit A

Printed on: 9/8/2010